NOT DESIGNATED FOR PUBLICATION

No. 115,927

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

APRIL PATTERSON,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed May 26, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., MALONE and POWELL, JJ.

*Per Curiam*:  April Patterson appeals the district court's revocation of her probation and imposition of the underlying sentence, claiming the court abused its discretion when doing so. Because the district court revoked Patterson's probation on the grounds that she committed a new crime and absconded while on probation, and Kansas law allows for revocation in such instances, we affirm.

1

Patterson pled guilty to an offender registration violation. On June 24, 2015, the district court granted a downward dispositional departure and placed Patterson on probation for 24 months, with an underlying 38-month prison sentence.

On August 19, 2015, the district court found Patterson committed numerous probation violations. Her probation was revoked and then reinstated with the additional probation condition that she enter and successfully complete the Residential Community Corrections program.

Less than a month later, Patterson absconded from Residential Community Corrections without having successfully completed the program. This prompted the State to charge Patterson with aggravated escape from custody as well as to seek the revocation of her probation. Patterson pled guilty to this new charge, and at her sentencing hearing, which was also her probation violation hearing, Patterson admitted to absconding from supervision. Based on her guilty plea to the new charge, the district court found Patterson had committed a new crime while on probation. As a result, the district court sentenced Patterson to 6 months' imprisonment in her new case after granting her motion for a downward durational departure. The district court also revoked Patterson's probation in her offender registration violation case and ordered her to serve her underlying prison sentence.

Patterson timely appeals the revocation of her probation.

Kansas courts grant probation "'as a privilege and not as a matter of right. . . . [T]he probationer is entitled to retain his or her liberty [only] as long as he or she abides by the conditions on which probation is granted.'" *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006) (quoting *State v. Lumley*, 267 Kan. 4, 8, 977 P.2d 914 [1999]). Once a district court has established by a preponderance of the evidence that a defendant has violated the conditions of his or her probation, "the decision to revoke probation rests in

the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when no reasonable person would have taken the action of the district court because it was arbitrary, fanciful, or unreasonable, or when the action was based on an error of law or an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). Patterson bears the burden of showing such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012). K.S.A. 2016 Supp. 22-3716(c)(8) allows the district court to revoke a defendant's probation and impose his or her underlying sentence if he or she commits a new crime or absconds from supervision while on probation.

Patterson argues the revocation of her probation was not appropriate in achieving the goals of the Kansas sentencing guidelines because of her drug and alcohol addictions and her mental health ailments. K.S.A. 2016 Supp. 21-6601 states that defendants

"shall be dealt with in accordance with their individual characteristics, circumstances, needs and potentialities as revealed by case studies; that dangerous offenders shall be correctively treated in custody for long terms as needed; and that other offenders shall be dealt with by probation, suspended sentence, fine or assignment to a community correctional services program whenever such disposition appears practicable and not detrimental to the needs of public safety and the welfare of the offender, or shall be committed for at least a minimum term within the limits provided by law."

Here, when revoking Patterson's probation the district court stated:

"You were on probation—both of these cases were presumptive [prison]. You were placed on probation on both. This is your second [probation violation]. You've committed a new crime. I think this is for your safety and welfare, and I think it's for the safety and welfare of the general public, to impose the term of prison on the underlying case."

3

The district court clearly considered Patterson's safety and welfare, as well as the safety and welfare of the public, as required by K.S.A 2016 Supp. 21-6601 when revoking her probation. The district court detailed her criminal history, past drug use, and the court's previous leniency in placing her on probation in two separate cases that carried presumptive prison sentences. Patterson committed a new crime and absconded; as such, the district court was well within its discretion under K.S.A. 2016 Supp. 22-3716(c)(8) to revoke Patterson's probation and order her to serve her underlying term of imprisonment.

Affirmed.